# The United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
July 17, 2024
Lyle W. Cayce
Clerk

No. 24-30399

STATE OF LOUISIANA, *by and through its Attorney General, Elizabeth B. Murrill*; LOUISIANA DEPARTMENT OF EDUCATION; STATE OF MISSISSIPPI, *by and through its Attorney General, Lynn Fitch*; STATE OF MONTANA, *by and through its Attorney General, Austin Knudsen*; STATE OF IDAHO, *by and through its Attorney General, Raul Labrador*; SCHOOL BOARD OF WEBSTER PARISH; SCHOOL BOARD OF RED RIVER PARISH; SCHOOL BOARD OF BOSSIER PARISH; SCHOOL BOARD SABINE PARISH; SCHOOL BOARD OF GRANT PARISH; SCHOOL BOARD OF WEST CARROLL PARISH; SCHOOL BOARD OF CADDO PARISH; SCHOOL BOARD OF NATCHITOCHES PARISH; SCHOOL BOARD OF CALDWELL PARISH; SCHOOL BOARD OF ALLEN PARISH; SCHOOL BOARD LASALLE PARISH; SCHOOL BOARD JEFFERSON DAVIS PARISH; SCHOOL BOARD OF OUACHITA PARISH; SCHOOL BOARD OF FRANKLIN PARISH; SCHOOL BOARD OF ACADIA PARISH; SCHOOL BOARD OF DESOTO PARISH; SCHOOL BOARD OF ST. TAMMANY PARISH; ALL PLAINTIFFS,

*Plaintiffs—Appellees*,

*versus*

UNITED STATES DEPARTMENT OF EDUCATION; MIGUEL CARDONA, *in his official capacity as Secretary of Education*; OFFICE FOR CIVIL RIGHTS, *United States Department of Education*; CATHERINE LHAMON, *in her official capacity as the Assistant Secretary for Civil Rights*; UNITED STATES DEPARTMENT OF JUSTICE; MERRICK B. GARLAND, *in his official capacity as the Attorney General of the United*

*States*; KRISTEN CLARKE, *in her official capacity as Assistant Attorney General for the Civil Rights Division of United States Department of Justice*,

*Defendants—Appellants*,

_____

SCHOOL BOARD RAPIDES PARISH

*Plaintiff—Appellee*,

*versus*

UNITED STATES DEPARTMENT OF EDUCATION; MIGUEL CARDONA, *in his official capacity as Secretary of Education*; OFFICE FOR CIVIL RIGHTS, *United States Department of Education*; CATHERINE LHAMON, *in her official capacity as the Assistant Secretary for Civil Rights*; UNITED STATES DEPARTMENT OF JUSTICE; MERRICK B. GARLAND, *in his official capacity as the Attorney General of the United States*; KRISTEN CLARKE, *in her official capacity as Assistant Attorney General for the Civil Rights Division of United States Department of Justice*,

*Defendants—Appellants*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC Nos. 1:24-CV-567, 3:24-CV-563

_____

Before JONES, DUNCAN, and DOUGLAS[*], *Circuit Judges*.

PER CURIAM:[†]

---

[*] JUDGE DOUGLAS would grant the motion.
[†] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

The Department of Education requests a partial stay of the district court's order granting a preliminary injunction against the operation of the agency's final rule amending its Title IX regulations. *See* Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, 89 Fed. Reg. 33,474 (Apr. 29, 2024) (Title IX Rule). We DENY the motion.

Plaintiffs' complaint and request for preliminary injunction focused on three key provisions at the heart of the 423-page Rule: proposed 34 C.F.R. § 106.10 (including discrimination on the basis of sexual orientation and gender identity); § 106.2 (broadening definition of "hostile environment harassment"); and § 106.31(a)(2) (adopting "de minimis harm" standard for determining sex discrimination). The DOE argues that the district court's order was overbroad to the extent it enjoined implementation of the entire Rule, including provisions on reporting and record-keeping obligations, grievance procedures, role and hiring of Title IX coordinators and other facilitators, and pregnancy discrimination regulations. The DOE also contends that the injunction was overbroad as to § 106.10, the implementation of which will purportedly not harm Plaintiffs, and § 106.2's inclusion of many definitions besides "hostile environment harassment." The agency relies in part on the Rule's severability provision. *See* 89 Fed. Reg. at 33,848 (stating "that each of the provisions of these final regulations . . . serve an important, related, but distinct purpose").

A stay pending appeal is "extraordinary relief" that defendants bear a heavy burden to support. *See Vote.Org v. Callanen*, 39 F.4th 297, 300 (5th Cir. 2022). We consider four factors in determining whether to grant such a stay, the two most critical of which are likelihood of success on the merits and irreparable injury. *Nken v. Holder*, 556 U.S. 418, 434, 129 S. Ct. 1749, 1761 (2009).

Because the DOE has given us little basis to assess the likelihood of success, its motion must fail. The primary question as to its overbreadth contention is whether the possibility of a partial preliminary injunction was adequately identified as an option to the district court. The answer is no. Plaintiffs from the outset of the litigation sought to overturn the entire Rule, which makes major changes in the scope of coverage of Title IX, adds complex, lengthy and burdensome recordkeeping and enforcement requirements, and extends Title IX to pregnancy for the first time. The DOE's initial response to Plaintiffs' motion for preliminary relief, according to the district court, was that the Rule only amounts to a "clarification" of Title IX and does not irreparably harm Plaintiffs. The DOE commented at the end of its response that any relief should be limited to the immediate parties rather than "universal relief," and, in two conclusory sentences, that the Rule's severability provision should enable the rest of the Rule to escape the preliminary injunction. The district court made no comment about this vague attempt to limit ultimate relief, though it limited the preliminary injunction to the parties before the court.

Even if the DOE did not forfeit its severability argument, its motion places this court in an untenable position. With no briefing or argument below on the consequences of a partial preliminary injunction, we would have to parse the 423-page Rule ourselves to determine the practicability and consequences of a limited stay. But "[a]s we have repeatedly observed, we are a court of review, not first view." *Stringer v. Town of Jonesboro*, 986 F.3d 502, 509 (5th Cir. 2021) (citation omitted).

Moreover, the historical purpose of a preliminary injunction, as ordered by the district court here, is to maintain the status quo pending litigation. *See Hollon v. Mathis Indep. Sch. Dist.*, 491 F.2d 92, 93 (5th Cir. 1974). Several implications flow from this. First, the district court has wide latitude to craft a temporary remedy in accordance with the equities. *Trump*

*v. Int'l Refugee Assistance Project*, 582 U.S. 571, 579, 137 S. Ct. 2080, 2087 (2017) (per curiam). Second, in doing so, the court will not abuse its discretion if its temporary order is broader than final relief. *See Doster v. Kendall*, 54 F.4th 398, 442 (6th Cir. 2022), *cert. granted, judgment vacated as moot*, 144 S. Ct. 481 (2023).

Taking these points together, granting a partial stay here would involve this court in making predictions without record support from the DOE about the interrelated effects of the remainder of the Rule on thousands of covered educational entities. This is especially problematic when the DOE is asking this court to maintain, on a temporary basis, tangential provisions that might or might not have been formulated in the absence of the heart of the Rule. This is contrary to severability analysis, which asks whether severance will "impair the function of the statute as a whole" and whether the regulation would have been enacted in the absence of the challenged provisions. *See K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 294, 108 S. Ct. 1811, 1819 (1988); *Nasdaq Stock Mkt. LLC v. SEC*, 38 F.4th 1126, 1144 (D.C. Cir. 2022) (citation omitted). Even more problematic would be our judicial rewriting of the Rule on what may only be a temporary basis. That, too, is not this court's job. *See also Ohio v. EPA*, 144 S. Ct. 2040 (2024) (stay of EPA rule granted pending appeal despite severability provision).

For these reasons, the DOE has not shown a likelihood of success in challenging the breadth of the district court's preliminary injunction.

In any event, Plaintiffs demonstrate beyond peradventure in affidavits and submissions that an order allowing the Rule to remain in place pending appeal would inflict enormous administrative costs and great legal uncertainty on recipients of federal funds. Irreparable harm is demonstrable by significant, unrecoverable compliance costs. *E.g., Rest. Law Ctr. v. Dep't of Labor*, 66 F.4th 593, 597 (5th Cir. 2023); *Career Colleges & Sch. of Tex. v.*

*Dep't of Educ.*, 98 F.4th 220, 234 (5th Cir. 2024). As Plaintiffs argue, the implementation and compliance costs would double if the partially implemented Rule differs from a final judgment. They would first have to amend their policies, alter their procedures, and train their employees to comply with a partial version of the Rule pending appeal, and then they would have to do it all over again to comply with the Rule as it stands at the conclusion of the litigation. And, we note, the DOE gave covered recipients only three months' time to digest and comply with its behemoth Rule, less than half of which remains. Legal uncertainty would abound as to a multitude of matters like the extent of compelled recordkeeping, sufficiency of "complaints" of sex discrimination/harassment, and obligations to monitor "offensive" speech and behavior under any partially implemented Rule.

The DOE has not shown that it would suffer irreparable injury if the district court's injunction were not partially stayed. The injunction pending appeal does not prevent the DOE from enforcing Title IX or longstanding regulations to prevent sex discrimination. The DOE can hardly be said to be injured by putting off the enforcement of a Rule it took three years to promulgate after multiple delays. Nor does an administrative agency have the same claim to irreparable harm when its bureaucratically issued rule is enjoined as a democratically elected legislative body has when one of its statutes is enjoined. *See Wages & White Lion Invs., LLC v. FDA*, 16 F.4th 1130, 1144 (5th Cir. 2021) (courts can grant "interim relief" to "preserve the *status quo ante*"); *Griffin v. HM Florida-ORL, LLC*, 144 S. Ct. 1, 2 n.1 (2023) (statement of Kavanaugh, J.) (acknowledging APA context relief is different from enjoining a statute).

Finally, the public interest would not be served by a temporary judicial rewriting of the Rule that may be partly or fully undone by a final court judgment.

For these reasons, the motion for partial stay is DENIED.