

March 3, 2025

Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, Louisiana 70130

Re:   *State of Louisiana, et al. v. U.S. Department of Education, et al.*, No. 24-30399

Dear Mr. Cayce,

Plaintiffs-Appellees write to alert the Court to new authority under Federal Rule of Appellate Procedure 28(j).

This is an interlocutory appeal from a preliminary injunction preventing enforcement of the Department of Education's Title IX Rule, 89 Fed. Reg. 33,474 (Apr. 29, 2024). In a related case challenging the same Rule, the Northern District of Texas has concluded the Rule is contrary to law. *See* Ex. A, Order, *Carroll ISD v. U.S. Dep't of Educ.*, No. 4:24-cv-00461-O (N.D. Tex. Feb. 19, 2025), ECF No. 86. "[E]xpanding the meaning of 'on the basis of sex' to include 'gender identity' turns Title IX on its head," the court explained. *Id.* at 5. Having found the Rule unlawful for multiple reasons, the court vacated the Rule. *Id.* at 7–8; Ex. B, Final Judgment, No. 4:24-cv-00461-O, ECF No. 87. This decision supports Plaintiffs-Appellees' arguments here. *See* ECF 128 at 20–51; ECF 129 at 17–53.

Notably, the parties (including Defendants-Appellants here) agreed that the *Carroll ISD* case was not mooted by the Rule's earlier vacatur in another district court. Ex. C, Joint Status Report, No. 4:24-cv-00461-O (N.D. Tex. Feb. 17, 2025), ECF No. 85; *see* ECF 273 (discussing *Tennessee v. Cardona*, No. 2:24-cv-072-DCR, 2025 WL 63795 (E.D. Ky. Jan. 9, 2025)). The *Carroll ISD* court evidently agreed; it proceeded to grant summary judgment to the plaintiff school district and vacate the Rule.

This case is not moot either. Although that Rule has been vacated by two district courts, their judgments will not be final until (a) all appeals have concluded and the federal government (or one of the proposed intervenor-defendants) has failed to obtain reversal of the nationwide vacaturs, or (b) the appeal deadlines pass without an appeal. *See* Ex. C. at 2. Unless and until either condition is satisfied and

the district courts' judgments become final and unappealable, Plaintiffs-Appellees risk having vacatur reversed and the Rule enforced against them. Accordingly, this Court has subject-matter jurisdiction and should proceed to decide this case.

<div style="margin-left: 3em;">
Respectfully submitted,

s/*<u>Natalie D. Thompson</u>*
   Natalie D. Thompson
   Counsel for Plaintiff-Appellee
   Rapides Parish School Board
</div>

**CERTIFICATE OF COMPLIANCE**

I certify that this letter contains 333 words, excluding the content exempted from the word count under Federal Rule of Civil Procedure 32(f).

s/*Natalie D. Thompson*
Natalie D. Thompson

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **CARROLL INDEPENDENT SCHOOL DISTRICT,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:24-cv-00461-O |
| **UNITED STATES DEPARTMENT OF EDUCATION, et al.,** | § § § | |
| Defendants. | § § | |

# ORDER

Before the Court are Plaintiff Carroll Independent School District's ("Carroll ISD") Motion for Summary Judgment, Brief and Appendix in Support (ECF Nos. 58–60), filed August 16, 2024. Also before the Court are Defendants Miguel Cardona, Kristen Clarke, Merrick B Garland, Catherine E. Hamon, United States Department of Education, and United States Department of Justice's (collectively, "Defendants") Response to Plaintiff's Motion for Summary Judgment and Cross-Motion to Dismiss or, in the Alternative, for Summary Judgment ("Cross-Motion"); Brief and Appendices in Support (ECF Nos. 64–76), filed September 6, 2024. The Motions are fully briefed and ripe for review.

As the Court noted in its previous Order granting a preliminary injunction, the Final Rule undermines the purpose of Title IX, endangers students, and has "[n]o basis in reality."[1] Additionally, the Final Rule and its corresponding regulations violate the Constitution and are the

---

[1] Mem. Op. & Order 1, ECF No. 43.

result of arbitrary and capricious agency action. Consequently, the Court **GRANTS** Carroll ISD's Motion (ECF No. 58) and **DENIES** Defendants' Cross-Motion (ECF No. 64).

## I. BACKGROUND

This case concerns the Department of Education's promulgation of a Final Rule that interprets Title IX of the Education Amendments of 1927 ("Title IX"), 20 U.S.C. § 1681 *et seq.*, as prohibiting discrimination based on sexual orientation and gender identity.[2] The regulatory landscape surrounding the Final Rule is well-known and does not require further mention here.[3]

Carroll ISD initiated this lawsuit requesting the Court hold the Final Rule unlawful, set it aside under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and enjoin Defendants from enforcing it against Carroll ISD.[4] On July 11, 2024, the Court granted a preliminary injunction to Carroll ISD, blocking the Final Rule's enforcement as to Carroll ISD, while deferring ruling on Carroll ISD's request for a stay of the Final Rule's effective date under 5 U.S.C. § 705.[5] After ordering additional briefing, the Court denied Carroll ISD's request for a stay because complete relief had already been awarded through a preliminary injunction based on the existing record.[6]

Now, the Court considers whether to vacate the Final Rule in light of the parties' briefing on summary judgment. On February 17, 2025, the parties filed a Joint Status Report representing

---

[2] *Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance*, 34 C.F.R. § 106 (2024) (the "Final Rule").
[3] *See Texas v. United States*, 740 F. Supp. 3d 537, 542–44 (N.D. Tex. 2024) (Kacsmaryk, J.); *Texas v. Cardona*, 743 F. Supp. 3d 824, 835–41 (N.D. Tex. 2024) (O'Connor, J.); *Louisiana v. U.S. Dep't of Educ.*, 737 F. Supp. 3d 377, 386–92 (W.D. La. 2024) (Doughty, J.).
[4] Compl. 2, ECF No. 1.
[5] Mem. Op. & Order 14–15, ECF No. 43.
[6] Order 2, ECF No. 55.

that the case remains live and is not moot based on any change in policy from the new administration.[7]

## II. THRESHOLD ISSUE

As an initial matter, Defendants reassert their prior argument that this Court should dismiss Carroll ISD's claims based on claim splitting.[8] Defendants argue that Texas already challenged the Final Rule in *Texas v. United States* and that Carroll ISD's interests are adequately represented by Texas in that suit.[9] 2:24-cv-00086-Z (N.D. Tex. Apr. 29, 2024).

The Court notes that although Defendants do not challenge Carroll ISD's standing in this case, they did challenge Texas's standing in *Texas v. United States*.[10] 740 F. Supp. 3d 537 (N.D. Tex. 2024). The court there rejected that argument and held that Texas had standing, but Defendants will presumably continue to assert lack of standing on appeal. *Id.* at 552–54.

Defendants thus ask the Court to have it both ways. On one hand, they ask the Court to dismiss Carroll ISD's claims because Texas adequately represents its interests. On the other, they assert that Texas does not have standing to challenge the Final Rule. If the Court were to place Carroll ISD—who undisputably has standing—at the mercy of that proceeding, Carroll ISD may very well be left with its hat in hand, forced to comply with a Final Rule that violates not only the APA but also the First Amendment. This is an unacceptable result. Accordingly, the Court declines to exercise its discretion to dismiss this case based upon claim splitting.

## III. LEGAL STANDARD

In a case challenging agency action under the APA, summary judgment "serves as the

---

[7] Joint Status Report, ECF No. 85.
[8] Mem. in Supp. of Defs.' Resp. to Pl.'s Mot. for Summ. J. & Cross-Mot. to Dismiss, or, in the Alternative, for Summ. J. ("Defs.' Br.") 9–11, ECF No. 65.
[9] *Id.*
[10] *See* Br. in Supp. of Defs.' Resp. to Pls.' Mot. for Stay of Agency Action & Prelim. Inj. 32–35, ECF No. 41, *Texas, et al. v. United States, et al.*, No. 2:24-cv-86-Z (N.D. Tex. June 14, 2024) (Kacsmaryk, J.).

mechanism for deciding" whether the action "is supported by the administrative record and otherwise consistent with the APA standard of review." *Gadhave v. Thompson*, No. 3:21-CV-2938-D, 2023 WL 6931334, at *1 (N.D. Tex. Oct. 19, 2023) (quoting *Stuttering Found. of Am. v. Springer*, 498 F. Supp. 2d 203, 207 (D.D.C. 2007)). "The general 'genuine dispute of material fact' standard for summary judgment does not apply to claims under the [APA], 5 U.S.C. §§ 701-706." *Id.* Instead, the *agency* resolves "factual issues to arrive at a decision that is supported by the administrative record," and the district court sits as an appellate tribunal, applying the APA standards of review to determine "whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." *MRC Energy Co. v. U.S. Citizenship & Immigr. Servs.*, 2021 WL 1209188, at *3 (N.D. Tex. Mar. 31, 2021) (citation omitted).

## IV. ANALYSIS

Carroll ISD moves for summary judgment on the basis that: (1) the Final Rule is contrary to law, arbitrary, and capricious; and (2) the Final Rule violates the First Amendment.[11] In their Cross-Motion, Defendants rely heavily on *Bostock v. Clayton County* to assert that that Final Rule is consistent with Title IX and does not violate the First Amendment.[12] 590 U.S. 644 (2020). For the reasons given below, the Court concludes that the Final Rule violates the APA and the First Amendment. Consequently, the Court **GRANTS** Carroll ISD's Motion (ECF No. 58) and **DENIES** Defendants' Cross-Motion (ECF No. 64).[13]

---

[11] Pl. Carroll ISD's Mem. in Supp. of Mot. for Summ. J. ("Pl.'s Br.") 7–32, ECF No. 59.
[12] Defs.' Br. 12–34, ECF No. 65.
[13] The Court notes that Carroll ISD raises additional constitutional challenges to the Final Rule. Pl.'s Br. 19, ECF No. 59. The Supreme Court has encouraged lower courts to avoid expending "scarce judicial resources to resolve difficult and novel questions of constitutional or statutory interpretation that will have no effect on the outcome of the case." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (quotation marks and citation omitted). Thus, because the Court concludes that the Final Rule violates the APA and the First Amendment, it will not address those additional grounds here.

**A. The Final Rule is contrary to law, arbitrary, and capricious.**

Defendants' argument that the language of the Final Rule is consistent with Title IX and is not arbitrary and capricious has been addressed and soundly rejected by multiple courts, including this one.[14] The Court fully incorporates the reasoning in its prior Order granting a preliminary injunction and agrees with the other district courts.

To briefly summarize those opinions, expanding the meaning of "on the basis of sex" to include "gender identity" turns Title IX on its head, and the Final Rule's new de-minimis harm standard is arbitrary in the truest sense of the word. Defendants' heavy reliance on *Bostock* is misplaced. There are meaningful and fundamental differences between Title VII and Title IX. "Title VII prohibits discrimination in the workplace generally," whereas "the *entire point* of Title IX is to prevent discrimination based on sex." *Tennessee v. Cardona*, No. CV 2:24-072-DCR, 2025 WL 63795, at *3 (E.D. Ky. Jan. 9, 2025), *as amended* (Jan. 10, 2025) (emphasis in original).

---

[14] *See* Mem. Op. & Order 4–11, ECF No. 43 (granting a preliminary injunction in this case); *Texas v. Cardona*, 743 F. Supp. 3d 824, 869–78 (N.D. Tex. 2024) (O'Connor, J.) (granting summary judgment on guidance documents containing similar language); *Tennessee v. Cardona*, No. CV 2:24-072-DCR, 2025 WL 63795, at *5–7 (E.D. Ky. Jan. 9, 2025), *as amended* (Jan. 10, 2025) (Reeves, J.) (granting summary judgment and vacating the Final Rule because, among other reasons, it is arbitrary and capricious); *Texas v. United States*, 740 F. Supp. 3d 537, 554–57 (N.D. Tex. 2024) (Kacsmaryk, J.) (granting a preliminary injunction because, among other reasons, the Final Rule is arbitrary and capricious); *Louisiana v. U.S. Dep't of Educ.*, 737 F. Supp. 3d 377 405–08 (W.D. La. 2024) (Doughty, J.) (same); *Kansas v. United States Dep't of Educ.*, 739 F. Supp. 3d 902, 928–31 (D. Kan. 2024) (Broomes, J.) (same); *Arkansas v. United States Dep't of Educ.*, 742 F. Supp. 3d 919, 940–45 (E.D. Mo. 2024) (Sippel, J.) (granting a preliminary injunction because the Final Rule is contrary to law).

5

Because the distinction between male and female is at the heart of Title IX, "throwing gender identity into the mix eviscerates the statute and renders it largely meaningless." *Id.*

Indeed, Defendants cannot offer any rational explanations for the stark inconsistencies that will result if the Final Rule is made the law of the land.[15] For the foregoing reasons, the Final Rule is contrary to law, arbitrary, and capricious. Therefore, it violates the APA.

### B. The Final Rule violates the First Amendment.

Turning now to Carroll ISD's assertion that the Final Rule violates the First Amendment,[16] the Court agrees. Multiple courts have already held that the Final Rule does, or likely does, violate the First Amendment. *See Tennessee*, 2025 WL 63795 at *4; *Texas v. United States*, 740 F. Supp. 3d at 550–51; *Louisiana*, 737 F. Supp. 3d at 400–01; *Kansas*, 739 F. Supp. 3d at 926–28; *Arkansas*, 742 F. Supp. 3d at 945. The Court agrees with these decisions.

In short, under the Final Rule's broader standard for hostile environment claims, repeated failure to use gender-identity-based pronouns could constitute sex-based harassment.[17] Although Defendants insist that this is not necessarily the case,[18] the Final Rule obviously compels this result by defining harassment as conduct that is "*subjectively* and objectively offensive and is so severe *or pervasive* that it *limits* or denies a person's ability to participate in or benefit from the recipient's education program or activity."[19] Because "misgendering" could, under this broad standard, constitute hostile environment harassment, teachers will "assume they should use subjective gender terms to avoid discipline under the Final Rule." *Texas v. United States*, 740 F. Supp. 3d at 551.

---

[15] *See* Mem. Op. & Order 4–11, ECF No. 43.
[16] Pl.'s Br. 25–31, ECF No. 59.
[17] 34 C.F.R. § 106.2 (2024).
[18] Defs.' Br. 24–27, ECF No. 65.
[19] 34 C.F.R. § 106.2 (2024) (emphasis added).

As a consequence, recipients of Title IX funds, including teachers, are forced "to be an instrument for fostering public adherence to an ideological point of view [they] find[] unacceptable." *Wooley v. Maynard*, 430 U.S. 705, 715 (1977). The Final Rule functionally turns recipients of federal funds into federally commandeered censors of speech, forcing schools to require engagement in or, at a minimum, to prohibit certain kinds of speech, which in turn represses what has long been regarded as protected forms of expression and religious exercise. Therefore, the Final Rule violates the protections of the First Amendment.

### C. Vacatur of the Final Rule is the appropriate remedy.

Having ruled in favor of Carroll ISD on the merits, the Court turns to the proper remedy. Carroll ISD requests that the Court vacate the Final Rule in its entirety.[20] In response, Defendants argue that the Court should not vacate the Final Rule, as there are more limited remedies that would redress Carroll ISD's injuries.[21]

The proper remedy upon determining that an agency failed to comply with the APA is vacatur of the unlawful agency action. 5 U.S.C. § 706(2). Although Defendants are correct that the APA does not require such a remedy,[22] the Fifth Circuit considers vacatur the default remedy for agency action otherwise found to be unlawful. *Data Mktg. P'ship, LP v. U.S. Dep't of Labor*, 45 F.4th 846, 859–60 (5th Cir. 2022); *accord Franciscan All., Inc. v. Becerra*, 47 F.4th 368, 374–75, 375 n.29 (5th Cir. 2022) (concluding that "[v]acatur is the *only* statutorily prescribed remedy for a successful APA challenge to a regulation") (emphasis added)). The D.C. Circuit agrees. *United Steel v. Mine Safety & Health Admin.*, 925 F.3d 1279, 1287 (D.C. Cir. 2019) ("The ordinary practice is to vacate unlawful agency action. . . . In rare cases, however, we do not vacate the action

---

[20] Pl.s' Br. 32–35, ECF No. 59.
[21] Defs.' Br. 37–50, ECF No. 65.
[22] *Id.* at 38.

but instead remand for the agency to correct its errors."). Whether remand-without-vacatur is the appropriate remedy "turns on two factors: (1) the seriousness of the deficiencies of the action, that is, how likely it is the agency will be able to justify its decision on remand; and (2) the disruptive consequences of vacatur." *Id.* (cleaned up).

In this case, vacatur is appropriate given the Court's conclusion that Defendants' adoption of the Final Rule violates the APA and the First Amendment. Defendants will not be able to substantiate the Final Rule on remand because there is no possibility that it could correct the fundamental substantive errors. Moreover, vacating this unlawful assertion of Defendants' authority would be minimally disruptive because vacatur simply "establish[es] the status quo" that existed for decades prior to the Final Rule going into effect last year. *Texas v. United States*, 40 F.4th 205, 220 (5th Cir. 2022).

"Because vacatur is the default remedy . . . defendants bear the burden to prove that vacatur is unnecessary." *Tex. Med. Ass'n v. U.S. Dep't of Health & Hum. Servs.*, No. 6:23-cv-59-JDK, 2023 WL 4977746, at *13 (E.D. Tex. Aug. 3, 2023) (citation omitted). Because Defendants fail to show that this is an exceptional case in which the Court should deviate from the default presumption, the Court **VACATES** the Final Rule.

## V.     CONCLUSION

For the reasons set out above, the Court **GRANTS** Carroll ISD's Motion for Summary Judgment, **DENIES** Defendants' Cross-Motion, and **VACATES** the Final Rule.

**SO ORDERED** on this **19th day of February, 2025**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **CARROLL INDEPENDENT SCHOOL DISTRICT,** § § § | |
| Plaintiff, § § | |
| v. § § | Civil Action No. 4:24-cv-00461-O |
| **UNITED STATES DEPARTMENT OF EDUCATION, et al.,** § § § § | |
| Defendants. § | |

## FINAL JUDGMENT

This Judgment is issued pursuant to Federal Rule of Civil Procedure 58(a).

This action came on for consideration by the Court, and the issues having been duly considered and a decision duly rendered,

It is **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. The Court **GRANTS** Plaintiff's Motion for Summary Judgment (ECF No. 58) and **DENIES** Defendants' Cross-Motion for Summary Judgment (ECF No. 64).

2. The Court **VACATES** and **SETS ASIDE** the Final Rule titled "Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance," 34 C.F.R. § 106 (2024).

3. All other relief not expressly granted herein is **DENIED**.

**SO ORDERED** on this **19th day** of **February, 2025**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| **CARROLL INDEPENDENT SCHOOL DISTRICT**,<br><br>*Plaintiff*,<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF EDUCATION**; **DENISE CARTER**, in her official capacity as Acting Secretary of the United States Department of Education; **ASSISTANT SECRETARY FOR CIVIL RIGHTS AT THE UNITED STATES DEPARTMENT OF EDUCATION**, in her official capacity; **UNITED STATES DEPARTMENT OF JUSTICE**; **PAM BONDI**, in her official capacity as Attorney General of the United States; and **ASSISTANT ATTORNEY GENERAL FOR THE CIVIL RIGHTS DIVISION OF THE UNITED STATES DEPARTMENT OF JUSTICE**, in her official capacity,<br><br>*Defendants*. | **Case No.: 4:24-cv-00461-O** |

## JOINT STATUS REPORT

Pursuant to this Court's February 11 order, ECF No. 84, the parties submit this joint status report. The parties agree that this case is not moot.

This lawsuit challenges a Department of Education rule entitled "Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance," 89 Fed. Reg. 33,474 (Apr. 29, 2024) ("2024 Title IX Rule"). On January 9, the United States District Court for the Eastern District of Kentucky entered judgment vacating the Rule. *See Tennessee v. Cardona*, No. 2:24-072-DCR, ECF No. 143, 2025 WL 63795, at *7 (E.D. Ky. Jan. 9, 2025), *judgment*

1

*corrected*, ECF No. 146 (Jan. 10, 2025). The deadline for Defendants to appeal that judgment is March 10, 2025. Fed. R. App. P. 4(a)(1)(B).

Accordingly, the parties agree that this case remains a live controversy until either (1) the *Tennessee* judgment is affirmed on appeal and no further appellate review is available, or (2) the deadline to appeal passes without Defendants noticing an appeal.

Respectfully submitted this 17th day of February, 2025.

**Brett A. Shumate**
Acting Assistant Attorney General

**Elizabeth Tulis**
Assistant Director
Federal Programs Branch

/s/ *Elizabeth Tulis*
**Pardis Gheibi**
Trial Attorney
**US DEPARTMENT OF JUSTICE, CIVIL DIVISION**
Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Telephone: (202) 305-3246
Fax: (202) 616-8470
pardis.gheibi@usdoj.gov

**Counsel for Defendants**

/s/ *Mathew W. Hoffmann*
**Tyson C. Langhofer***
Virginia Bar No. 95204
**Mathew W. Hoffmann***
Virginia Bar No. 100102
**ALLIANCE DEFENDING FREEDOM**
44180 Riverside Pkwy
Lansdowne, Virginia 20176
Telephone: (571) 707-4655
Facsimile: (571) 707-4656
tlanghofer@ADFlegal.org
mhoffmann@ADFlegal.org

**Natalie D. Thompson**
Texas Bar No. 24088529
**ALLIANCE DEFENDING FREEDOM**
440 First Street NW, Suite 600
Washington, DC 20001
Telephone: (202) 393-8690
Facsimile: (202) 347-3622
nthompson@ADFlegal.org

**Jonathan A. Scruggs***
Arizona Bar No. 030505
**ALLIANCE DEFENDING FREEDOM**
15100 N. 90th Street
Scottsdale, Arizona 85260
Telephone: (480) 444-0020
Facsimile: (480) 444-0028
jscruggs@ADFLegal.org

**Tim Davis**
Texas Bar No. 24086142
**Allison Allman**
Texas Bar No. 24094023
**Trevor Paul**
Texas Bar No. 24133388
**JACKSON WALKER LLP**
777 Main Street, Suite 2100
Fort Worth, Texas 76102
Telephone: (817) 334-7200
tdavis@jw.com
aallman@jw.com
tpaul@jw.com

**Counsel for Plaintiff Carroll ISD**

*\*Admitted pro hac vice*

## CERTIFICATE OF SERVICE

  I certify that on February 17, 2025, this document was served on all counsel of record via the Court's CM/ECF system.

<div style="text-align:right">

*/s/ Mathew W. Hoffmann*
Mathew W. Hoffmann
**Counsel for Plaintiff Carroll ISD**

</div>